UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Armando Osegueda,** : | |
| : | |
| **Plaintiff** : | |
| : | |
| **v.** : | |
| : | |
| **Newtown Colony Diner, Inc., and** : | |
| **George Marnelakis,** : | |
| : | **October 13, 2021** |
| **Defendants** : | |
| : | |

**COMPLAINT**

**I.      Introduction**

1.      The plaintiff, Armando Osegueda, brings this Complaint alleging that his former employers, defendant Newtown Colony Diner, Inc., doing business as Blue Colony Diner, and defendant George Marnelakis, failed to pay him the full amount of his earned wages, in violation of the minimum wage and overtime wage provisions of the federal Fair Labor Standards Act (FLSA) including 29 U.S.C. §206 and §207, and the minimum wage and overtime wage provisions of the Connecticut Minimum Wage Act (CMWA), including Conn.Gen.Stat. §31-68 and §31-76b. The plaintiff brings his claims pursuant to 29 U.S.C. §216(b) and Conn.Gen.Stat. §31-68 and §31-72, and seeks his unpaid wages; liquidated damages pursuant to 29 U.S.C. §216(b); double damages pursuant to Conn.Gen.Stat. §31-68 and §31-72; and reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b) and Conn.Gen.Stat.§31-68 and §31-72.

**II.     Jurisdiction and Venue**

2.      This Court has jurisdiction pursuant to 28 U.S.C. §1331.  With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that

the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(b), because a substantial part of the events giving rise to his claim occurred within this judicial district.

### III. Parties

4. The plaintiff, Armando Osegueda, is a person residing at 39 Stevens Street, Danbury, Connecticut 06810. At all times relevant to the Complaint, Osegueda was an employee of the defendants as that term is defined at 29 U.S.C. §630(f), Conn.Gen.Stat. §31-58(e), and Conn.Gen.Stat. §46a-51(9).

5. Defendant Newtown Colony Diner, Inc. Is a Connecticut corporation registered to do business in the State of Connecticut. The defendant was organized and registered in 1974, and does business as Blue Colony Diner. The defendant's business address is 66 Church Hill Road, Newtown, Connecticut 06482. At all times relevant to the Complaint, the defendant was an employer of the plaintiff as that term is defined at 29 U.S.C. §, Conn.Gen.Stat. §31-58(d), and Conn.Gen.Stat. §46a-51(10).

6. Defendant George Marnelakis was at all times relevant to this Complaint the President, Director, and Secretary of defendant Newtown Colony Diner, Inc. The defendant's home address is 108 Maple Tree Hill Road, Southbury, Connecticut 06488. At all times relevant to the Complaint, defendant Marnelakis was an employer of the plaintiff as that term is defined at 29 U.S.C. §, Conn.Gen.Stat. §31-58(d), and Conn.Gen.Stat. §46a-51(10).

### IV. Facts

7. The defendants hired the plaintiff to work as a dishwasher on or about August 4, 2006, and terminated the plaintiff's employment in that position on or about May 11, 2021.

8. The plaintiff's first language is Spanish; he neither speaks nor reads English.

9. From the beginning of the plaintiff's employment in August 2006 through February 2020, the plaintiff regularly worked sixty (60) or more hours each week.

10. During this period the defendants compensated the plaintiff with a payment of Three Hundred Dollars ($300) for each week worked.

11. During this period, the defendants' compensation to the plaintiff amounted to an hourly wage, before the calculation of overtime, of $5.00 an hour or less in wages.

12. In the period from August 2006 through February 2020, the Connecticut minimum wage ranged from $7.40 an hour to $11.00 an hour.

13. Due to the pandemic, the plaintiff worked very few hours for the defendants in the period of March through August 2020.

14. In the period of September 6, 2020 through the end of his employment on May 11, 2021, the plaintiff regularly worked two eight hour days each week. The only exception is that from on or about December 20, 2020, through January 9, 2021, the plaintiff did not work at all, after having become infected with the Covid-19 virus while at work.

15. During this period, the defendants' compensation to the plaintiff was at the rate of $70.00 per day, which amounted to an hourly wage of $8.75.

16. During this period the Connecticut minimum wage was $11.00 an hour.

17. Throughout the plaintiff' employment, upon information and belief, the defendants compensated other kitchen employees at less than the Connecticut minimum hourly wage rate and did not pay other kitchen employees overtime when they worked more than 40 hours in a one week period.

18. In December 2011, a former employee of the defendants put them on notice of his intent to bring a claim against them for non-payment of overtime wages. The defendants

resolved that claim by paying the former employee overtime wages for the prior three years of his employment.

19. In the period from January 2012 through the end of the plaintiff's employment the defendants were on notice of the legal requirement that employers pay employees a regular hourly rate at least equal to the Connecticut minimum hourly wage, and that they pay employees time and one-half their regular hourly rate for all hours worked in excess of forty hours in a one week period.

20. In the period from January 2012, through the end of the plaintiff's employment, the defendants did not regularly and consistently post federal Department of Labor and Connecticut Department of Labor notices making employees aware of their right to be paid the applicable minimum wage and overtime wages.

21. On one occasion in which a poster reflecting an employee's right to be paid the minimum hourly wage and overtime was posted in the defendants' kitchen, defendant Marnelakis entered the kitchen and in the presence of the plaintiff and his co-workers, tore the poster from the wall, balled it up, and threw it in the trash barrel.

22. Due to the plaintiff's very limited abilities in English, the defendants' failure to make him aware of his rights to be paid according to the law, the defendants' failure to consistently post notices that would have informed the plaintiff of his rights to be paid according to the law, and defendant Marnelakis' overt expression of anger when such a notice was posted, the plaintiff was unaware and/or fearful of exercising his right to be paid minimum wage and overtime.

**V.     Count One: Failure to pay overtime wages in violation of the federal Fair Labor Standards Act.**

1. The plaintiff repeats, re-alleges, and incorporates by reference herein paragraphs 1 through 22, above.

23. The plaintiff brings this claim pursuant to 29 U.S.C. §216(b) of the federal Fair Labor Standards Act (FLSA).

24. From in or about August 4, 2006 through on or about March 1, 2020, defendants failed to pay the plaintiff at a rate at least equal to one and one-half times the Connecticut minimum hourly rate for all hours worked in excess of forty (40) hours a week, in violation of 29 U.S.C. §207 of the FLSA.

25. The defendants' failure to pay overtime wages to the plaintiff was in knowing and willful violation of the law.

**VI.    Count Two: Failure to pay minimum wages and overtime wages in violation of Connecticut wage and hour laws**

1. The plaintiff repeats, re-alleges, and incorporates by reference herein paragraphs 1 through 22, above.

23. The plaintiff brings this claim pursuant to Conn.Gen.Stat. §31-68 and §31-72.

24. From in or about August 4, 2006, through May 11, 2021, for each week in which the plaintiff worked the defendants failed to pay him at a rate at least equal to the applicable Connecticut minimum hourly rate for each hour worked, in violation of Conn.Gen.Stat. §31-68.

25. From in or about August 4, 2006, through March 1, 2020, for each week in which the plaintiff worked the defendants failed to pay the plaintiff at a rate at least equal to one and one-half times the Connecticut minimum hourly rate for all hours worked in excess of forty (40) hours a week, in violation of Conn.Gen.Stat. §31-68 and §31-76b.

**PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiff seeks as his remedies:

1.  Award the plaintiff his unpaid wages, as described above.

2.  Award the plaintiff double his unpaid wages as described above, pursuant to Conn.Gen.Stat. §31-72;

3.  Award the plaintiff an amount equal to his unpaid wages as described above, pursuant to 29 U.S.C. 626(b);

4.  Award the plaintiff his reasonable attorney's fees and costs, pursuant to 29 U.S.C. §216(b), Conn.Gen.Stat. §31-68, and Conn.Gen.Stat. §31-72;

5.  Award the plaintiff pre- and post-judgment interest; and

6.  Award such other relief as the Court may deem appropriate.

RESPECTFULLY SUBMITTED
ARMANDO OSEGUEDA,
THE PLAINTIFF, by

  _/ s / Peter Goselin_
Peter Goselin ct06074
The Law Office of Peter Goselin
557 Prospect Avenue, 2nd Floor
Hartford, Connecticut 06105
Tel. 860-580-9675
Fax 860-232-7818
pdgoselin@gmail.com